... 

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY D. PETTIES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-13-58-D |
| ) | |
| JUSTIN JONES, Director, ) | |
| Oklahoma Dep't Corr. ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to an order entered by United States District Judge Timothy D. DeGiusti, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined.[1] For the reasons set forth below, it is recommended that the petition be **DISMISSED** upon filing as untimely.

Although Petitioner is not attacking his underlying conviction, he notes that he was convicted by a jury of second degree murder, and was sentenced to lifetime imprisonment with the possibility of parole. Petition, 1; Case No. CF-1992-1956, District Court of Oklahoma County. In support of this petition challenging the

---

[1] Pursuant to Rule 1(b), Rules Governing Section 2254 Cases, these rules may be applied to habeas cases other than those brought under 28 U.S.C. § 2254 at the discretion of the court.

execution of his sentence, Petitioner raises one ground: That on April 9, 1997, the Oklahoma Legislature violated Petitioner's Constitutional rights under the Fifth and Fourteenth Amendments. Petition, 2. In support of this claim, Petitioner alleges that Legislature's "Retroactive Application of the 1997 Amendment to title 57 O.S. Sect. 332.7" violated the Ex Post Facto Clause. Petitioner concedes that there is no Constitutional right requiring a prisoner's personal appearance before the Parole Board, but argues that the Legislature's institution of a "Jacket Review" policy denied Petitioner a personal appearance for a three (3) year period. He claims that under the Ex Post Facto Clause, the Oklahoma Legislature's amendments to the pre-1997 laws have made Petitioner's sentence harsher than when his crime was committed. Petition, 2.

## THE SCREENING REQUIREMENT

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[2] the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ." As stated by the Fifth Circuit:

> The district court has the power under Rule 4 to examine
> and dismiss frivolous habeas petitions prior to any answer
> or other pleading by the state. This power is rooted in

---

[2] Rule 4 may be applied to actions brought pursuant to 28 U.S.C. § 2241. See Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Boutwell v. Keating*, 399 F.3d 1203, 1210 n. 2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (citing Rule 1(b)).

2

> "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting Rule 4 Advisory Committee Notes). Rule 4 of the Rules Governing Section 2254 Cases "differentiates habeas cases from other civil cases with respect to sua sponte consideration of affirmative defenses." Id.; Rule 1(b), Rules Governing Section 2254 Cases. Thus, the issue of the timeliness of a petition for writ of habeas corpus may be raised *sua sponte*. *See Williams v. Boone*, No. 98-6357, 1999 WL 34856, at * 3 (10th Cir. Jan. 28, 1999) (affirming court's sua sponte dismissal of a § 2254 habeas corpus petition as untimely under Rule 4) (unpublished);[3] *see also Acosta v. Artuz*, 221 F.3d 117, 123-24 (2nd Cir. 2000) (citing *Williams* and holding that district courts may raise the one-year statute of limitations sua sponte). Moreover, the undersigned's *sua sponte* consideration of the petition will not prejudice Petitioner since he has an opportunity to be heard on the issue by filing a timely objection to this Report and Recommendation. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (unpublished) (finding "no due process problem" where magistrate judge raised issue of procedural bar sua sponte and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof) (citing *Hardiman v. Reynolds*, 971 F.2d 500 (10th Cir. 1992)). After reviewing the petition,

---

[3] This and any other unpublished decisions are cited for their persuasive authority in accordance with Fed R.App.P. 32.1

the undersigned finds that the claim raised herein is untimely.

## THE AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[4] sets forth a one-year period of limitations for habeas petitioners who are in state custody. The statute provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4] Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

28 U.S.C. § 2244(d)(1)(A)-(D). Because Petitioner challenges the execution of his sentence under 28 U.S.C. § 2241, the one year limitation period began to run when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). *See Cotner v. Boone*, No. 01-7096, 2002 WL 31045393, at *2 (10th Cir. Sept. 13, 2002) (unpublished decision) (analyzing timeliness of a § 2241 petition claiming incorrect calculation of credits by applying 28 U.S.C. § 2241(d)(1)(D)). Thus, applying § 2244(d)(1)(D) to the present case, the one year statute of limitations began to run when Petitioner became aware of the policy providing for an annual jacket review rather than a personal appearance before the Pardon and Parole Board.

Exhibit A to the Petition is a letter addressed to the director of the Oklahoma Pardon and Parole Board. Therein, Petitioner states:

> In 2003, the offender's first one-third, regular parole (Jacket Review) was scheduled: The offender was denied. The offender was rescheduled to 2007. In 2007, 4 years later, the offender went up for paroled again. Only the offender jacket was there at the paroled hearing, the offender was denied. In 2010, the offender was denied parole. Only the offender jacket was present at the parole hearing, once again, the offender wasn't told why he got denied but parole was set again for April 2013.
>
> The offender was under the 1993 statute where you do one-third of your sentence and then you would be able to be heard by the parole board annually, meaning, every year. However, due to the July 1997 intervening change of laws, the Pardon and Parole Board process altered my future appearance. Does it appear erratic where an offenders who's done one-third of his sentence and

> earned a right to be heard annually, for hope to be recommended by the board, to be abruptly evolved a unworthy candidate for a mere personal appearance before the board. Is that justice? Since 2003, 2007, and 2010, I've been getting jacket review.

Petition, Ex. A, ECF No. 1-1, p. 3. From Petitioner's own recitation of the facts, he was aware that he was receiving only a jacket review as early as 2003. Apparently anticipating a possible issue as to the timeliness of his action, Petitioner stated this in his brief in support of his Petition:

> Petitioner argues: that he just now came aware of the unconstitutional Statute when applied to him after reading the case of Thomas Faine v. O.D.O.C. Justin Jones (2012) and Olad Coburn v. O.D.O.C. Justin Jones (2012).

Brief in Support of Petition for Habeas Corpus, 9, ECF No. 2, p. 9.

Petitioner's claim that he was unaware of his claim until he became aware of the 2012 cases to which he refers does not change the fact that he was aware of the factual predicate of his claim in 2003. Under 28 U.S.C. § 2244(d)(1)(D), the AEDPA limitations period can run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." However, that section does not apply when a petitioner is asserting that he was unfamiliar with the *legal basis* of his claims. *Delalio v. Wyoming*, No. 09–8093, 363 Fed. Appx. 626, 628 (10th Cir. Jan. 29, 2010) (unpublished decision), *cert. denied* 130 S.Ct. 3340 (2010); *Ellis v. Jones*, No. 08–5119, 302 Fed. Appx. 817, 819 (10th Cir. Dec. 11, 2008)(unpublished decision).

Petitioner does not state the exact date of his 2003 parole hearing, but even assuming such occurred on the last day of that year, December 31, 2003, the limitations period would have expired on January 1, 2005. *See Haws v. Jorgensen*, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004.") (footnote omitted) (citing *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). This action was not filed until January 17, 2013, and in the absence of tolling, is clearly untimely.

## STATUTORY AND EQUITABLE TOLLING

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, only those applications for state post-conviction relief filed prior to the expiration of the AEDPA limitations period will toll it. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

In his Petition, Petitioner states that he has not filed any other Petitions, Applications, or Motions concerning the instant issues. He does claim that he has exhausted any available remedies by four letters he wrote, which are attached to the Petition. Petition, Exs. A, B, C, D. There is certainly no authority that these letters would have any tolling effect, but even assuming such was the case, they were written long after the statute of limitations had expired. Although Petitioner did not date these

letters, he refers in each of them to Oklahoma Governor Mary Fallin. The undersigned takes judicial notice of the fact that Governor Fallin was elected as Governor on November 7, 2011. http://www.ok.gov/governor/About/index.html (accessed Feb. 7, 2013). Accordingly, the letters must have been written long after the AEDPA limitations period had expired.

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Further, even if Petitioner could show rare and extraordinary circumstances to justify equitable tolling of the limitations period, he must also demonstrate that he has diligently pursued his federal claims. *Gibson*, 232 F.3d at 808; *Marsh*, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). Here, it is clear from the Petition and the materials attached to it that Petitioner has been anything but diligent in his pursuit of his state and federal claims. In light of this significant delay, equitable tolling is not appropriate.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the petition be

**DISMISSED** upon filing as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **March 4, 2013**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag.state.ok.us. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

    **ENTERED** on February 14, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE