IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY D. PETTIES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-13-58-D |
| | ) |
| JUSTIN JONES, Director, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636 (b)(1)(B) and (C). Judge Erwin recommends dismissal of the Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus upon filing as untimely. Petitioner, a state prisoner appearing *pro se*, has filed a timely written objection. Thus, the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner seeks a writ of habeas corpus regarding the execution of a 1993 sentence of life imprisonment with the possibility of parole. He claims that changes to parole statutes made by legislative amendments in 1997 and 1998 have been unconstitutionally applied to him in violation of the Ex Post Facto Clause. For reasons fully explained in the Report, Judge Erwin finds the Petition is time-barred by operation of the one-year limitations period of 28 U.S.C. § 2244(d)(1)(D). Liberally construing Petitioner's objection, the issues raised are whether Judge Erwin correctly calculated the one-year period and whether equitable tolling is warranted.

Upon *de novo* consideration, the Court finds Judge Erwin's analysis is correct. The one-year period of Section 2244(d)(1)(D) is triggered by an inmate's knowledge of "the factual predicate of the claim." Petitioner plainly knew of his claim in 2011, when he first sought relief from the Oklahoma Pardon and Parole Board on the same basis now asserted. Petitioner concedes in his objection he "became aware of the unconstitutional statute in 2011." *See* Objection [Doc. No. 7] at 3. Further, Petitioner is apparently referring to the point at which he learned the principles of *ex post facto* law, not the factual basis of his claim. Finally, the Court fully concurs in the conclusion that Petitioner has failed to allege a basis for equitable tolling. "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation omitted).

For these reasons, and those stated by Judge Erwin, the Court adopts the Report and Recommendation [Doc. No. 6].

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. This rule may apply to a § 2241 petition, for which a COA is required. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  Upon consideration, the Court finds this standard is not met in this case.

IT IS THEREFORE ORDERED that he Petition Under 28 U.S.C. § 2241 is DISMISSED as time barred, and a COA is denied.  Judgment will be entered accordingly.

IT IS SO ORDERED this 12th day of March, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE